UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>MYLES STEELE, *et al.*,<br><br>    Defendants. | Case No. MJ20-252<br><br>ORDER |

## I. INTRODUCTION

This matter is before the Court on Defendant Ferner's oral argument, presented during his preliminary hearing, that drafts of the complaint and attached affidavit should be produced pursuant to the Jencks Act. The Court reserved ruling on this issue and the government submitted supplemental briefing in opposition. (Dkt. # 30.) Defendants Ferner and Steele subsequently submitted joint briefing regarding a motion to dismiss the complaint that includes a footnote reiterating the assertion that any drafts should be produced.[1] Having considered the parties' arguments, the balance of the record, and the governing law, the Court DENIES Defendants'

---

[1] Defendants Ferner and Steele have raised arguments regarding jurisdiction and probable cause that are not addressed in this order.

ORDER - 1

motion and finds the government was not required to produce drafts of the complaint and attached affidavit.

## II.    BACKGROUND

The Defendants in this matter, Myles Steele and Cameron Ferner, are charged with Possession of Methamphetamine and Cocaine with Intent to Distribute. Defendant Steele appeared for his preliminary hearing on June 1, 2020, and Defendant Ferner appeared for his preliminary hearing on June 3, 2020. (Dkt. ## 25, 26.) At both hearings, the government called Special Agent Thomas LeCompte of Homeland Security Investigations as its sole witness, who prepared the complaint and attached affidavit. (Dkt. # 1.) Prior to the preliminary hearing, the government disclosed all reports by Special Agent LeCompte to the defense. (Reply at 2.)

At the June 3, 2020 hearing, Defendant Ferner's counsel asked Special Agent LeCompte if anyone edited his draft of the complaint and affidavit before he signed it. (Dkt. # 28 at 9.) Special Agent LeCompte testified that an Assistant United States Attorney assigned to the case assisted in editing the documents and that he believed he still retained copies of the drafts. (*Id.* at 9-10.) Defendant Ferner's counsel argued that any drafts should be produced pursuant to Jencks, citing to a case from this district, *United States vs. Tsung-Meng Chen,* CR85-209. (*Id.* at 10, 11.) The government's opposition asserts the drafts sought by the defense were not adopted or approved by Special Agent LeCompte and therefore are not required to be produced pursuant to Jencks. (Dkt. # 30 at 3.)

## III.    DISCUSSION

The Jencks Act requires the government to produce "any statement … of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified" after that witness "has testified on direct examination." As relevant to this case, Jencks

ORDER - 2

further defines a "statement" as a "written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1).

Federal Rule of Criminal Procedure 26.2 is virtually identical to the Jencks Act, and was designed to incorporate Jencks into the criminal rules. Rule 26.2(a) provides as follows:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

The term "statement" is defined by Rule 26.2(f)(1) as including "a written statement that the witness makes and signs, or otherwise adopts or approves[.]". Accordingly, Jencks and Rule 26.2 require the government to provide the defense with any statement made by a government witness which has been adopted or approved by the witness, and which relates to his testimony on direct examination.

The government argues drafts of complaints and affidavits are incomplete until finalized and therefore are not considered adopted or approved written statements under Jencks. (Dkt. # 30 at 3-4.) The government cites to, *inter alia*, *United States v. Kaiser*, 660 F.2d 724 (9th Cir. 1981). In *Kaiser*, the government produced an agent's final report but not the agent's initial handwritten draft. *Id.* at 731. The Ninth Circuit found the handwritten draft was not intended as a final statement and therefore was not adopted or approved for Jencks purposes. *Id.* at 732. The government also cites to caselaw holding that the failure to turn over investigator's notes does not constitute a Jencks violation. (Dkt. # 30 at 4 (citing, *e.g.*, *United States v. Robertson*, 895 F.3d 1206, 1217 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 472 (2018) (holding there was no abuse of discretion in refusing an *in camera* review of agent's rough notes); *United States v. Michaels*, 796 F.2d 1112, 1117 (9th Cir. 1986) (holding that the district court did not abuse its discretion in

refusing to order production where defendant "made no attempt to show" that the notes in question satisfied the "requirements that would qualify them as witness's statements for purposes of the Jencks Act")).)

Defendants argue the handwritten draft in *Kaiser* is distinguishable because it was simply a rough draft of an investigative report that was given to administrative personnel for typing whereas Special Agent LeCompte's draft of the affidavit contains an oath and perjury statement and was given to an Assistant United States Attorney. (Dkt. # 34 at 2, n.1.) Defendants cite to *United States v. Bagnariol*, 665 F.2d 877, 889-90 (9th Cir. 1981) in support of the assertion that notes sent to supervisors are approved and adopted and notes that are not sent to supervisors are not. (*Id.*)

As noted above, Defendants also cite to *Chen* in support of their argument for disclosure. Due to the age of the case, the court's order from *Chen* is not before the Court. However, even without the benefit of reviewing the order, the underlying facts are distinguishable. In *Chen*, an investigator testified that the defendant acted nervous when being inspected by customs. (Dkt. # 30 at 6.) The investigator's observations were not documented in initial versions of his report, rather, they were only included in the final version. (*Id.*) Thus, the third draft was substantially different than the earlier drafts.

Here, there is no suggestion that any draft of the complaint and affidavit are substantially different than the final version.[2] Similarly, there are no allegations that Special Agent LeCompte intended to approve or adopt earlier drafts. Although Defendants assert that he "signed or otherwise approved the draft affidavit" when he forwarded it to the Assistant United States

---

[2] Defendants do not identify any substantial or material differences they believe exist between the drafts and final version. Rather, they request the Court perform an *in camera* review of the materials in the event the government claims any differences are minor spelling and grammatical errors. Because there is no indication of substantial changes, the Court declines to conduct an *in camera* review.

ORDER - 4

Attorney (dkt. # 34 at 2, n.1.), Special Agent LeCompte testified that he forwarded it for edits before he signed it (dkt. # 28 at 9-10.), indicating he was aware the language of the draft could change. Accordingly, the Court finds the government satisfied its disclosure obligations under Rule 26.2 and was not required to disclose the drafts pursuant to Jencks.

### IV.   CONCLUSION

For the foregoing reasons, Defendants Ferner and Steele's motion for disclosure of drafts of the complaint and attached affidavit pursuant to the Jencks Act is DENIED.

Dated this 9th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge